UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-22-G |
| ) | |
| JAYDON TRAVON NELSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Jaydon Travon Nelson has been charged via an Indictment (Doc. No. 1) with one count of possession of a firearm after prior conviction of a felony in violation of 18 U.S.C. § 922(g)(1). Now before the Court are Defendant's Motions to Dismiss Indictment (Doc. Nos. 14, 15), as well as the Government's Responses thereto (Doc. Nos. 16, 17). *See generally* Fed. R. Crim. P. 12(b)(1), (b)(3)(B).

   I. *Defendant's Motion to Dismiss Under the Second Amendment*

In his First Motion (Doc. No. 14), Defendant argues "for preservation purposes only" that the charging statute, 18 U.S.C. § 922(g)(1), is violative of the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Def.'s First Mot. at 1, 8-15.

As both parties recognize, Defendant's challenged is foreclosed by *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025), *petition for cert. filed*, No. 24-1155 (U.S. May 12, 2025). *See* Def.'s First Mot. at 1; Gov't's Resp. (Doc. No. 16) at 2-3. In *Vincent*, the Tenth Circuit considered both *Bruen* and *Rahimi* and expressly held that 18 U.S.C. § 922(g)(1) is

constitutional as applied to "all individuals convicted of felonies." *Vincent*, 127 F.4th at 1265-66 ("*Rahimi* doesn't clearly abrogate the presumptive validity of § 922(g)(1)."). Further, "the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders." *Id.* at 1266.

The Court "must follow the precedent" of the Tenth Circuit and deny Defendant's request to dismiss the Indictment based upon the alleged unconstitutionality of § 922(g)(1). *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990); *see Vincent*, 127 F.4th at 1265-66; *see also United States v. Gatewood*, No. CR-24-428-D, 2025 WL 715375, at *1 (W.D. Okla. Mar. 5, 2025); *United States v. Stanart*, No. CR-24-333-G, 2025 WL 525119, at *3 (W.D. Okla. Feb. 18, 2025).

II. *Defendant's Motion to Dismiss Under the Commerce Clause*

Defendant's Second Motion (Doc. No. 15) argues, again for preservation purposes only, that the criminalization of possession of firearms and ammunition by convicted felons prescribed by 18 U.S.C. § 922(g)(1) exceeds Congress's authority under the Commerce Clause. *See id.* at 1-3 (citing *United States v. Lopez*, 514 U.S. 549 (1995)).

The Tenth Circuit has "explicitly rejected" this contention. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *see United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009) (explaining that "if a firearm has traveled across state lines" "the minimal nexus with interstate commerce is met and the statute can be constitutionally applied"); *United States v. Thomas*, No. 24-6074, 2025 WL 830474, at *1 (10th Cir. Mar. 17, 2025) ("[T]he 'affecting commerce' element is satisfied so long as the ammunition at some time moved across state lines."), *petition for cert. filed*, No. 24-7433 (U.S. June 12,

2025); *see also* Gov't's Resp. at 1-3.  Again, the relief sought by Defendant is foreclosed by the authority binding upon this Court.

## CONCLUSION

For these reasons, Defendant's Motions to Dismiss Indictment (Doc. Nos. 14, 15) are DENIED.

IT IS SO ORDERED this 20th day of August, 2025.

_____
CHARLES B. GOODWIN
United States District Judge